# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In Re: ) | Case No: | 15-37823 |
|     Catherine Stieger ) | | |
| ) | Chapter: | Chapter 13 |
|                 Debtor ) | | |
| ) | Judge: | Deborah L. Thorne |

## NOTICE OF MOTION

TO**:** See attached list

    PLEASE TAKE NOTICE that on January 13, 2021 at 2 PM, I will appear before the Honorable Deborah L. Thorne, or any judge sitting in that judge's place, and present the motion of Catherine Stieger for a hardship discharge, a copy of which is attached

    **This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

    **To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

    **To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

    **Meeting ID and password**.  The meeting ID for this hearing i160 9362 1728. The meeting ID and password can also be found on the judge's page on the court's website.

    **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

                **By:**   */s/ Dale Allen Riley*
                                  Dale Allen Riley
                                  Geraci Law L.L.C.
                                  55 E. Monroe Street #3400
                                  Chicago, Illinois 60603
                                  312.332.1800
                                  ndil@geracilaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In Re:** ) | **Case No:** | **15-37823** |
|    **Catherine Stieger** ) | | |
| ) | **Chapter:** | **Chapter 13** |
|         **Debtor** ) | | |
| ) | **Judge:** | **Deborah L. Thorne** |

## CERTIFICATE OF SERVICE

   I, Dale Allen Riley, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on December 23, 2020 at 12:00 PM.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: ) | Case No: | 15-37823 |
|    Catherine Stieger ) | | |
| ) | Chapter: | Chapter 13 |
| Debtor ) | | |
| ) | Judge: | Deborah L. Thorne |

**LIST OF PARTIES SERVED**

Marilyn O. Marshall, 224 S. Michigan Ave. #800 , Chicago, IL 60604

Office of the U.S. Trustee, 219 S. Dearborn, Suite 873, Chicago, Illinois 60604

Catherine Ann Stieger, 425 Walnut Creek Ln 1206, Lisle, IL 60532

[See attached list]

Rec No. 675331
WD - NOTICE OF MOTION ZOOM

Avant Inc.
Attn: Bankruptcy Dept.
640 N Lasalle St
Chicago IL 60654

Bank of America
Attn: Bankruptcy Dept.
Po Box 982235
El Paso TX 79998

Capital One
Bankruptcy Department
PO Box 21887
Eagan MN 55121

Capital One Auto Finance
Attn: Bankruptcy Dept.
3901 Dallas Pkwy
Plano TX 75093

Citibank
Bankruptcy Department
701 E. 60th St., North
Sioux Falls SD 57117

City of Chicago Bureau Parking
Department of Revenue
PO Box 88292
Chicago IL 60680

Comcast
c/o Stellar Recovery Inc.
4500 Salisbury Rd., Ste. 10
Jacksonville FL 32216

Comcast
Bankruptcy Dept.
PO Box 3002
Southeastern PA 19398

Convergent Outsourcing
Bankruptcy Dept.
800 SW 39th St.
Renton WA 98057

Dressbarn/Comenity Bank
Attn: Bankruptcy Dept.
Po Box 182789
Columbus OH 43218

Enterprise Rent A Car
c/o Caine & Weiner
Po Box 5010
Woodland Hills CA 91365

Enterprise Rent-a-car
Bankruptcy Dept.
1550 S. Elmhurst Rd.
Mt. Prospect IL 60056-5205

Ford Credit
Attn: Bankruptcy Dept.
Po Box Box 542000
Omaha NE 68154

Clerk, Fifth Mun. Div.
15M54042
10220 S. 76th Ave., #121
Bridgeview IL 60455

Blitt and Gaines, PC
Bankruptcy Dept.
661 Glenn Ave.
Wheeling IL 60090

J. Jill/Comenity Capital
Attn: Bankruptcy Dept.
995 W. 122nd Ave.
Westminster CO 80234

Macys/DSNB
Attn: Bankruptcy Dept.
9111 Duke Blvd
Mason OH 45040

NBT
Bankruptcy Dept.
PO Box 183015
Columbus OH 43218

Pier 1/Comenity Bank
Attn: Bankruptcy Dept.
4590 E. Broad St.
Columbus OH 43213

Saks/Capital One
Attn: Bankruptcy Dept.
3455 Highway 80 W
Jackson MS 39209

US Dept. of Ed./Glelsi
Attn: Bankruptcy Dept.
Po Box 7860
Madison WI 53707

**IN THE UNITED STATES OF BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: ) | Case No: | 15-37823 |
|    Catherine Stieger ) | | |
|       Debtor, ) | Chapter: | Chapter 13 |
| ) | | |
| ) | Judge: | Deborah L. Thorne |

**MOTION FOR HARDSHIP DISCHARGE**

NOW COMES the Debtor, Ms. Catherine Stieger (the "Debtor"), by and through her attorneys, Geraci Law, to present her **MOTION FOR HARDSHIP DISCHARGE,** and states as follows:

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. 1334 and this is a "core proceeding" under 28 U.S.C. 157(b)(2).

2. The Debtor filed her Petition for Relief and plan under Chapter 13 of the U.S. Bankruptcy Act on 11/05/2015.

3. The plan was confirmed by this Honorable Court on 2/2/2016.

4. Pursuant to the confirmed plan, the Debtor was to pay the Trustee a monthly plan payment of $450 for 54 months with a distribution of 100% to secured creditors and 15% to all allowable general unsecured creditors.

5. The Debtor's Chapter 13 Plan was subsequently modified to increase ongoing monthly payments to $575 on 7/3/2019 based on increased income during the term of the plan.

6. The Debtor subsequently began falling behind to the Chapter 13 Trustee in June of 2020 following a job loss stemming from the

COVID-19 pandemic. The Debtor has advised her attorneys that she has sent out over 600 job applications between June and November but to date has not resumed employment.

7. The Debtor's only current income is through unemployment benefits, with weekly benefits of $618 due to pandemic emergency unemployment compensation, which were previously due to expire on 12/26/2020. The Debtor's final day of eligibility for regular benefits is 3/20/2021.

8. The Debtor has advised her attorneys that her unemployment benefits are insufficient to afford any resumed payment to the Chapter 13 Trustee after paying for her rent, utilities, medical coverage, transportation expenses and pending medical bills.

9. To date the Debtor's Chapter 13 Plan has paid 100% of the allowed secured creditors in her plan and approximately 26% to allowed unsecured claims but has not met the Chapter 13 Plan base of $28,375.41. The Debtor appears to be $2,330.59 from meeting this requirement in her plan.

10. Pursuant to 11 U.S.C. § 1328 (b), "the court may grant discharge to a debtor that has not completed payments under the plan if-

    1. the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;

    2. the value, as of the effective date of the plan, of property actually distributed under the plan on account of

  each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

 3. modification of the plan under section 1329 of this title is not practicable.

11. The Debtor's loss of income and subsequent inability to find new employment stemming from the COVID-19 pandemic is not a fact pattern for which she should be held accountable.

12. The Debtor's Chapter 13 petition showed $430 in exposed equity in personal property and no real property as of the petition date, meaning that any liquidation under a Chapter 7 filing at the time of the petition would have been $430 at most. The Debtor's plan, to date, has paid over $6,000 to allowed unsecured creditors.

13. The Debtor has advised her attorneys that she cannot even afford to pay the Chapter 13 Trustee $50 per month, making modification of her plan not feasible. Her case is also not eligible for conversion to a Chapter 7 based on a prior filing within the 8 years preceding this case.

14. The Debtor has further advised her attorneys that there are not available funds to finish the payments to the Chapter 13 Trustee in any account she has available to her, either in checking, savings or in retirement accounts with former employers.

15. The Debtor entered into her Chapter 13 plan in good faith, made payments of $26,044.41 to the Trustee, has fulfilled the terms of the confirmed plan and satisfied the Chapter 7 liquidation test.  It is equitable to grant her a discharge of her debts pursuant to 11 USC 1328(b).

WHEREFORE the Debtor, Ms. Catherine Stieger, prays this Court enter an order granting her a discharge pursuant to 11 U.S.C. 1328(b) and for any other relief that this Court deems appropriate.

                                                __/s/ Dale A. Riley_____
                                                Dale Allen Riley

**Attorneys for the Debtor**
Geraci Law L.L.C.
55 E. Monroe Street #3400
Chicago, Illinois 60603
(Ph):  312.332.1800  (Fax):  877.247.1960